**Mohammad ZARIN, Petitioner**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2023.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 17, 2010.

Opinion Filed: March 19, 2010.

Anser Ahmad, Esq., Harrisburg, PA, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Justin R. Markel, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Mohammad Zarin petitions for review of a decision of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

Zarin entered the United States in February 2001 as a visitor. In March 2003, he was charged as removable for overstaying his admission period. He conceded removability and applied for withholding of removal and relief under the Convention Against Torture (CAT) based on his membership in the Pakistani Muslim League. He also requested voluntary departure. After a hearing, the IJ found Zarin not credible. On that basis, the IJ denied Zarin's applications for withholding of removal and CAT relief. The IJ also denied Zarin's application for voluntary departure and found that Zarin had filed a frivolous asylum application. On appeal, the BIA affirmed the denial of relief but reversed the finding of frivolousness. It remanded the matter to the IJ to consider Zarin's application for voluntary departure because the IJ had not explained his reasoning for denying the application. On remand, the IJ granted Zarin voluntary departure.[1] The BIA then reaffirmed its denial of relief, and Zarin filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish eligibility for withholding of removal, Zarin needed to demonstrate that it was more likely than not that his life would be threatened in Pakistan on account of race, religion, nationality, membership in a particular social group, or political opinion. *Tarrawally v. Ashcroft,* 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, Zarin needed to demonstrate that it is more likely than not

that he would be tortured if removed to Pakistan. 8 C.F.R. § 208.16(c)(2). We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary. *Fiadjoe v. Attorney General,* 411 F.3d 135, 153 (3d Cir.2005).

■ The IJ based the adverse credibility finding on several inconsistencies in Zarin's evidence. In his brief, Zarin argues only that he had trouble remembering dates and was nervous after being badgered by the IJ. He does not address or challenge any of the IJ's specific findings. Several of the inconsistencies mentioned by the IJ were not based on dates. The IJ noted the discrepancies between Zarin's testimony and his affidavit regarding whether and when he went to Karachi for medical treatment after allegedly being detained and beaten by the police. The IJ also pointed out that Zarin testified that the police made him sign a paper saying that he would give up his political activities in order to be released. However, there was nothing in his affidavit about being forced to sign any papers. The IJ also noted the inconsistency between Zarin's testimony and his affidavit regarding whether he had to pay a bond to be released from detention. The IJ also relied on Zarin's failure to mention his extended stays in Bahrain until asked by the government about them on cross-examination. We do not believe it was unfair for the IJ to question Zarin on the time he spent in Bahrain; the IJ believed that Zarin's time in Bahrain undermined his testimony of being involved with the Muslim League. We cannot conclude that any reasonable adjudicator would be compelled to conclude that Zarin was credible. Thus, Zarin did not meet his burden of demonstrat-

---

1. A different IJ handled the matter on remand.

**334**

ing eligibility for withholding of removal and protection under the CAT.

■ Zarin also challenges the IJ's refusal to accept documents submitted as evidence on the day of the hearing. We agree with the parties that the IJ's rejection of these documents should be reviewed for an abuse of discretion. *See Tang v. Att'y Gen.*, 578 F.3d 1270, 1276 (11th Cir.2009); *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir.2008). Zarin describes the documents as a letter from the Union Council Hazara, a letter from the General Secretary of the Pakistani Muslim League, and an affidavit. He does not describe the content of the documents. At the hearing, Zarin asserted that the delay stemmed from his wife's illiteracy and the lack of postal system in his village. The IJ rejected Zarin's explanation for not submitting the documents within the time allowed. A.R. at 197. The IJ noted that the hearing had been scheduled eighteen months earlier and Zarin had plenty of time to prepare his case. The IJ did not abuse his discretion in rejecting the evidence. Moreover, Zarin has not explained how these documents would have altered the outcome of his hearing. He has not described the content of these documents or how they would undermine the IJ's adverse credibility finding.

For the above reasons, we will deny the petition for review.